UNITED STATES of America, Plaintiff,

v.

Wilbert Lee DANIEL and Alphonso Stewart, Defendants.

Cr. No. 89-15-VAL (WDO).

United States District Court,
M.D. Georgia,
Valdosta Division.

Nov. 20, 1989.

Michael Solis, Macon, Ga., for plaintiff.

Stephen Rosen, Miami, Fla., W. Louis Sands, Macon, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Before this court are the motions to suppress evidence filed by defendants Wilbert Lee Daniel and Alphonso Stewart. A hearing in the above matter was held on November 14, 1989. Having considered the briefs filed by the parties, the arguments contained therein and the relevant case law, the court now issues the following order.

## FACTS

Defendant Daniel, the owner and driver of a 1971 Ford Thunderbird, was stopped for following too closely while traveling south on I-75 and was issued a warning citation by Trooper D.E. Scarbrough. At the supression held in this matter, Trooper Scarbrough testified that while he was issuing the warning citation he asked defendant Daniel some questions. When asked by counsel for the defense what happened after his discussion with Daniel, Trooper Scarbrough replied, "I gave Daniel his license back and his insurance card and a copy of the warning and asked him to stand there while I identified the passenger. And I walked to the right hand side of the car and...." Both defendants argue that at this point the purpose of the stop was concluded. Trooper Scarbrough testified that when he reached the passenger window of the car for the purpose of identifying the passenger he noticed an empty pistol holster laying on the open glove compartment lid. Scarbrough testified that he proceeded to ask some questions of the passenger, defendant Stewart, then went back to where defendant Daniel was standing and asked consent to search the vehicle. Daniel denied consent to search and Scarbrough "advised him that based on the evidence that I had accumulated and the fact that they had given me conflicting stories about certain questions I'd asked them and the manner in which he pulled over, that I was going to conduct a search of the vehicle anyway." Upon being asked what he was going to search for, Scarbrough testified that he was going to search the vehicle for weapons because he was concerned about his and the defendants' safety.

Although defendants challenge the initial stop for following too closely as pretextual, this court finds the stop to be valid. There-

fore, the court will proceed to the issue of the propriety of the detention. In the case of *United States v. Solokow,* —— U.S. ——, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989), the Supreme Court cites with approval its holding in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), stating that an officer may "briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause."

■ This court finds that at the time Trooper Scarbrough asked Daniel to "stand there while I identif[y] the passenger" clearly Daniel was detained. A reasonable person would not feel free to leave under those circumstances. The court further finds that at the time that Trooper Scarbrough returned Daniel's license and insurance card, and gave him his copy of the warning citation, the purpose for the valid traffic stop was over. Upon review of Trooper Scarbrough's testimony the court finds that at the time the purpose of the traffic stop was concluded, Trooper Scarbrough had not yet obtained conflicting statments from the defendants, he had not yet observed the empty pistol holster, and in light of the manner in which Daniel had pulled over, had deemed a warning citation to be sufficient for Daniel's conduct. In light of Trooper Scarbrough's testimony, the court finds that Scarbrough did not possess a "reasonable suspicion supported by articulable facts that criminal activity 'may be afoot' " sufficient to detain defendant Daniel further after the purpose of the traffic stop had ended. Accordingly, defendant Daniel's motion to supress is GRANTED.

■ With regard to defendant Stewart, the government raised the additional issue of standing. Based upon the cases cited in the government's brief and the case of *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), this court finds that defendant Stewart, as a mere passenger in the stopped vehicle has no standing to challenge the search. Consequently, de-

fendant Stewart's motion to surpress is DENIED.

SO ORDERED.